UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ADRIANA LYP,

                              Plaintiff,

- against -

UNITED STATES OF AMERICA,

                              Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

06 MISC 361 (CLP)

By Notice of Motion dated July 12, 2006, Adriana Lyp, proceeding pro se, seeks an order to seal or expunge the criminal file in United States v. Adriana Lyp, No. 05 MJ 1123 (CLP), and all records related to her arrest. By letter dated August 10, 2006, the government opposes Ms. Lyp's application.

## FACTUAL BACKGROUND

On August 29, 2005, Ms. Lyp was arrested and subsequently charged in a federal Complaint with conspiracy to distribute one hundred or more marijuana plants, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(vii). (Compl.[1] at 1). At the arraignment on the Complaint, Ms. Lyp's counsel moved to dismiss the Complaint. (Gvt's Ex.[2] B). The Court denied the motion, finding that there was sufficient probable cause set forth in the Complaint as to defendant's involvement. (Id.) Thereafter, on September 22, 2005, the Complaint was dismissed without prejudice as to Ms. Lyp. (Gvt's Ex. C). Ms. Lyp now seeks to seal or expunge her record. (Lyp

---

[1] Citations to "Compl. at " refer to the criminal Complaint filed in United States v. Adriana Lyp, No. 05 MJ 1123 (CLP).

[2] Citations to "Gvt's Ex. " refer to the exhibits presented by the Government in their letter dated August 10, 2006.

Letter).[3] She explains that she is pursuing a career in the "medical field" and she needs to take a state test which includes a background check. (Id.) She asks that records of the incident be sealed and the record expunged, recognizing that "I'm not perfect and I know I made a very serice [sic] mistake but I'm trying to put my life back together." (Id.)

The government opposes Ms. Lyp's request for expungement on the grounds that an "extreme circumstance" has not been demonstrated here to justify such action. (Gvt's Letter[4] at 2). The government argues that plaintiff has failed to allege any governmental impropriety in the handling of her records sufficient to overcome the government's statutory duty to acquire and preserve criminal records. (See Gvt's letter at 1-2 (citing United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977), cert. denied, 435 U.S. 907 (1978)); see also 28 U.S.C. § 534. This Court agrees.

## DISCUSSION

There is no federal statute that explicitly provides for the sealing or expungement of arrest records. See United States v. Schnitzer, 567 F.2d at 539. Rather, "expungement lies within the equitable discretion of the Court, and relief usually is granted only in 'extreme circumstances.'" Id. (quoting United States v. Rosen, 343 F. Supp. 804, 807 (S.D.N.Y. 1972) (holding that a record should be expunged only in "extreme circumstances")); see also United States v. Linn, 513 F.2d 925, 927 (10th Cir.); cert. denied, 423 U.S. 836 (1975) (same); In re Farkas, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) (motion to expunge granted only in "special" circumstances involving "extreme cases of government misconduct"). Generally, courts have

---

[3]Citations to "Lyp Letter" refer to the letter Filed by Ms. Lyp on September 12, 2006.

[4]Citations to "Gvt's Letter" refer to the Government's letter dated August 10, 2006.

2

found "extreme circumstances" in only a limited number of cases. These include: 1) where the judicial determination of probable cause in an individual case has been made difficult by the mass arrest of numerous individuals; 2) where the sole purpose of the arrest is determined to be the harassment of civil rights advocates; 3) where there has been police misconduct; and 4) where the arrest, though proper, was based on a statute later declared to be unconstitutional. See United States v. Schnitzer, 567 F.2d at 539-40; In re Farkas, 783 F. Supp. at 103. All of these situations involve "extreme cases of government misconduct." In re Farkas, 783 F. Supp. at 103.

Here, there are no allegations of government misconduct or any other factors which would warrant a finding of "extreme circumstances." The Complaint alleges that in March 2005, agents of the Drug Enforcement Administration ("DEA") commenced an investigation into a warehouse located in Staten Island at which marijuana was allegedly being grown. (Compl. ¶ 4). On August 29, 2005, while DEA agents were conducting surveillance at the warehouse, the agents observed an individual, later identified as Grzegorz Lyp, exit a Volkswagen and enter the warehouse. (Id. ¶ 5). Shortly thereafter, the defendant Adriana Lyp was observed getting into the driver's seat of the Volkswagen, which she began to move. (Id. ¶ 6). When initially asked where her husband was, Ms. Lyp pointed in the opposite direction of the warehouse, later admitting that he was inside the warehouse. (Id., n.2). She subsequently told the agents that her husband was a printer. (Id. ¶ 7). When asked to call her husband, Ms. Lyp did so, informing him that "the cops are here" despite the agents' request that she not notify her husband of the agents' presence. (Id. ¶ 7). Upon searching the warehouse, the agents observed approximately 600 marijuana plants, including a number found in the toilet. (Id. ¶10). The agents believed that upon learning of the agents' presence, Mr. Lyp attempted to discard these plants. (Id.)

Based on the facts alleged in the Complaint, there was clearly probable cause to warrant the arrest of both Mr. and Ms. Lyp. (See Gvt's Ex. B). Similarly, there is nothing in the record before the Court to indicate that the agents acted improperly in effectuating the arrest or conducting the search.

Thus, while Ms. Lyp's efforts to improve her life are laudable, the Court is not persuaded that "extreme circumstances" have been demonstrated. Accordingly, having considered all of the circumstances surrounding the initial charges, this Court finds that the relief sought is not warranted. For these reasons, it is Ordered that Ms. Lyp's motion for sealing and\or expungement be denied.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
January 19, 2007

*/s/ Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge